RICHARD H. HALEY *v.* JOHN McC. MARTIN.

DEEDS. *Description. Plats. Field notes. Grantee's rights.*

A deed to lands, describing the same as being certain designated lots of a survey shown by a plat recorded in the record of deeds of the county, conveys the land as shown by the plat, irrespective of "field notes."

FROM the chancery court of Claiborne county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Haley, the appellant, was the complainant, and Martin, the appellee, defendant in the court below. From a decree in defendant's favor, sustaining a demurrer to the bill of complaint, the complainant appealed to the supreme court. The facts are stated in the opinion of the court.

*C. A. French,* for appellant.

We must have some way to locate the land intended to be represented by the Irwin plat, and as there is no known way of locating land by a plat, except to run it out by the field notes by which the plat was made, we must necessarily have recourse to Irwin field notes; and the field notes are really a part of the plat, otherwise we could not locate the land, and the deed would fail for want of description of the land intended to be conveyed by the deed. We can hold all of the land included in the field notes, by which Irwin made his plat, as against Martin, but against no one else. 5 Lawson's Rights, Remedies and Practice,

secs. 2285, 2286. Whether it lies on the east or west side of Clark's creek there must be some way to locate the land, otherwise the deed is a nullity. Am. & Eng. Ency. Law (2d ed.), 759, title, "Description." The plat controls the deed, and the field notes the plat. 4 Am. & Eng. Ency. Law (2d ed.), 777; *Ib.*, 793; *May* v. *Baskins,* 12 Smed. & M., 429.

*H. C. Mounger,* for appellee.

This is not a bill for reformation of a deed on the ground of mutual mistake between Stewart Bros. and Haley, Stewart Bros. & Co. not even being made parties. No allegation of mutual mistake is made, and no case of that kind is sought to be made.

There is no contractual relation between Martin and Haley. Martin made no conveyance to Haley.

The complainant rests the main part of his case on the closing part of the Stewart deed, in which, after expressly limiting the description to land lying east of Clark's creek, they say they intend to "convey all of our title to said lots as shown by said survey, but we do not warrant the title to any of said lands lying west of Clark's creek.

Now this survey shows all the land to lie east of Clark's creek. The last sentence contains no conveyance of land west of Clark's creek, and cannot be construed to be such. It rather, if anything, puts Haley on notice that he cannot claim any land west of the creek. The deed does not say any of the land lies west of the creek, but, on the contrary, refers to the plat which shows all to lie east of the creek.

The field notes of Irwin are not referred to in the deed to Haley or in the deed from Martin to Stewart Bros. & Co. Only the plat is referred to as recorded. This is what controls if there be any discrepancy between the notes and the plat.

Whether Irwin's plat is correct or not makes no difference. If not correct, then the deed of complainant is not correct. He cannot claim under the plat and then insist that it is not correct.

Argued orally by *C. A. French,* for appellant, and by *H. C. Mounger,* for appellee.

CALHOON, J., delivered the opinion of the court.

Martin conveyed to the Stewarts a large body of land. A part of it consisted of lots described severally as "lots A, B, C, D, E, F, G, H, I, L, of the survey of Greenwood plantation by D. D. Irwin, a plat of which survey is of record in deed book 3 M, pp. 192, 193, of the records of deeds of Claiborne county, Mississippi, which plat is here referred to for a more full and particular description of the said lots." By the plat referred to it appears that Clark's creek is the western boundary of lots E and F, so conveyed. On this, if the controversy were between Martin and the Stewarts, we think that clearly the latter took only by the plat, and got only what was east of Clark's creek according to the lines of the plat. If this did not coincide with the design, the remedy of Stewart Bros. was a bill to reform the instrument to conform to the actual intention of the parties. But while this situation existed Stewart Bros. conveyed to appellant, Haley, with this description: "All that part of Greenwood plantation lying east of Clark's creek, . . . and consisting of lots B, C, D, E, F, G, H, I, G, and L of the D. D. Irwin survey of said place as shown by said plat of the same of record in deed book 3 M, pp. 192, 193, of the deed records of said county, which is here referred to. . . . It is intended hereby to convey all of our title or any part of any of said lots, as shown by said survey, but we do not warrant the title to any of said lands lying west of Clark's creek or north of Bayou Pierre." Forty acres are west of Clark's creek, and are retained by Martin, and claimed by Haley under his conveyance from the Stewarts, and this appeal is from a decree sustaining Martin's demurrer to Haley's bill, which sets up the facts we have given, and seeks the removal of Martin's claim to the forty acres west of the creek. The object of the bill is to have the court go behind Irwin's mapped plat and investigate his field notes, which

field notes, it is claimed, properly extended, would have made the plat, if properly drawn, show the forty acres to be in fact east of the creek. The court below refused to allow this in this proceeding, and so do we. Martin's conveyance was by the recorded plat, not by the field notes. If they were incorrectly mapped, the conveyance was none the less by the plat, and this cannot be affected by any mistake in them. It is questionable if any man buying by a recorded map would bother about field notes. Without the plat Haley would have nothing. He is bound to claim under it, but wants to claim under it as incorrect, and to have the error corrected by the field notes. It is not possible that he can claim under the field notes, because the conveyance was not by them, but by the plat.

We do not now decide whether Haley got anything from the Stewarts west of the creek, on the insistence that in this case the actual conveyance is only land "lying east of Clark's creek" unaffected by the subsequent recital of the intention—in other words, that a conveyance must be a conveyance, and not a mere recital of intention. "Sufficient unto the day," etc.

*Affirmed.*